UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

vs.                                                     Case No.  3:13-cv-668-J-32MCR

THOMAS C. BRIDGE,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for a Court Order by Default Directing Compliance with an Order Issued by the Securities and Exchange Commission Against Defendant Thomas C. Bridge (Doc. 10).

This is a summary proceeding filed by the Security and Exchange Commission ("SEC") pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(e) (Doc. 1).  In its Application, the SEC seeks an order enforcing the September 29, 2009 final SEC Order against Thomas C. Bridge which imposed a cease-and-desist order against Bridge, barred him from association with a broker-dealer with the right to reapply after five years, and ordered him to pay disgorgement of $39,808.53, prejudgment interest

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed. R. Civ. P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

of $16,665.57 and a civil penalty of $240,000 (see Doc. 2).  Because Bridge has failed to comply with the SEC order, the SEC now asks this Court to direct his compliance.

The record reflects the Clerk entered default against Defendant Thomas C. Bridge on October 7, 2013 (Doc. 9).  On October 30, 2013, Plaintiff filed the instant motion, in which Plaintiff requests entry of default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Defendant has failed to file a response to the Motion and the time for doing so has passed.  Accordingly, the undersigned treats the Motion as unopposed.

## I. BACKGROUND

The well-pleaded factual allegations made in Plaintiff's Application (Doc. 1) are deemed admitted by Defendant by virtue of the Clerk's entry of default.  Cotton v. Mass Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted).

On May 2, 2007, the Commission instituted public administrative proceedings against Bridge and two other individuals based on their involvement in a deceptive market timing scheme while they were associated with A.G. Edwards & Sons, Inc., a broker-dealer registered with the Commission.  Bridge, who was then a registered representative in AG Edwards' Boca Raton, Florida branch office, used deceptive tactics to place thousands of market timing trades on behalf of a customer between September 2001 and September 2003.

After a public administrative hearing, the Chief Administrative Law Judge ("ALJ") issued an Initial Decision on March 10, 2008 finding that Bridge willfully violated Section 17(a) of the Securities Act of 1933 ("the Securities Act") and Section 10(b) of the Securities

Exchange Act of 1934 ("the Exchange Act") and imposing a cease-and-desist order, disgorgement, prejudgment interest and a civil penalty.

Bridge and the other respondents appealed the ALJ's decision to the Commission. After oral arguments and an independent review of the record, the Commission issued an Opinion and Order on September 29, 2009 finding that Defendant Bridge had violated the anti-fraud provisions of the Securities Act and the Exchange Act.  In its order, the Commission imposed a cease-and-desist order against Bridge, barred him from association with the broker-dealer with the right to reapply after five years, and ordered him to pay disgorgement of $39,808.53, prejudgment interest of $16,665.56, and a civil penalty of $240,000.  The Office of the Secretary of the Commission served the Commission order on Bridge by certified mail to his counsel on October 13, 2009.

Bridge has failed to pay the disgorgement, prejudgment interest and civil penalty required under the Commission order.  In September 2010, the Commission's staff contacted Bridge by telephone to remind him of his obligation to pay the amounts due under the Commission order.  On October 12, 2010, the Commission's staff sent a letter to Bridge informing him that the Commission intended to seek collection of the monies owed through the Treasury Offset Program and informing him that he could contact the staff to discuss the possibility of payment before the Commission began collection efforts. To date, Bridge has failed to pay the  disgorgement, prejudgment interest and civil penalty required under the Commission order.

## II. ANALYSIS

This Court has subject matter jurisdiction over this matter pursuant to Section 21(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(e), which authorizes the use of summary proceedings to enforce SEC orders in the district courts. Specifically, Section 21(e) provides:

> Upon application of the Commission the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder, [or] the rules of a national securities exchange or registered securities association of which such person is a member or person associated with a member . . .

15 U.S.C. § 78u(e). As such, this provision empowers the SEC to apply to a district court for enforcement of its orders. SEC v. Vittor, 323 F.3d 930, 935 (11th Cir. 2003); see also SEC v. Mohn, 465 F.3d 647, 652 (6th Cir. 2006); SEC v. McCarthy, 322 F.3d 650, 656, 659 (9th Cir. 2003); Lang v. French, 154 F.3d 217, 222 (5th Cir. 1998). Summary proceedings may be "conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even ex parte." McCarthy, 322 F.3d at 655 (quoting N.H. Fire Ins. Co. v. Scanlon, 362 U.S. 404, 406-07, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960)). Fairness and due process require a district court afford a respondent the opportunity to be heard before ruling on a Section 21(e)(1) application. McCarthy, 322 F.3d at 659-60. A district court, however, is precluded from any reconsideration of the disciplinary action taken by the SEC. SEC v. Pinchas, 421 F.Supp.2d 781, 783 (S.D.N.Y. 2006) (citing 15 U.S.C. § 78y(a)); see also McCarthy, 322 F.3d at 658 ("By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order.");

<u>Mister Discount Stockbrokers, Inc. v. SEC</u>, 768 F.2d 875, 876 (7th Cir. 1985) ("[F]inal orders of the Commission are reviewable only in the United States Courts of Appeals.").

Here, Defendant has had an opportunity to be heard on the SEC's Section 21(e)(1) application but has declined to make an appearance in this matter.[2]  Defendant cannot dispute the underlying facts of the SEC order or argue against the propriety of the disciplinary action taken by the SEC.  The application was timely filed under 28 U.S.C. § 2462, which requires that any "action, suit or proceeding for the enforcement of any civil fine [or] penalty . . . shall not be entertained unless commenced within five years from the date when the claim was first accrued."  Accordingly, the undersigned finds that Thomas C. Bridge has not complied with the Commission order and court enforcement of the Commission's September 29, 2009 order is appropriate.  See <u>SEC v. Markowski</u>, No. 8:05-cv-2205-T-27TGW, 2007 WL 2566247 (M.D. Fla. Aug. 31, 2007), *aff'd*, 277 Fed. Appx. 903 (11th Cir. 2008) (per curiam); <u>SEC v. Abbondante</u>, No. 11-66(FLW), 20112 WL 2339704 (D.N.J. Jun. 19, 2012); <u>Pierce v. SEC</u>, 737 F.Supp.2d 1068 (N.D. Cal. 2010); <u>SEC v. Faber</u>, No. CV-09-80018-MMC-MISC, 2009 WL 1542695 (N.D. Cal. Jun. 2, 2009); <u>SEC v. Geller</u>, No. 07-1567, 2008 WL 170020 (D.N.J. Jan. 16, 2008); <u>Pinchas</u>, 421 F.Supp.2d 781.

---

[2] Plaintiff has provided an affidavit establishing that Defendant is not currently a member of the Armed Forces of the United States (Doc. 12) in compliance with the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. § 521(b)(1).

### III. CONCLUSION

After due consideration, it is respectfully **RECOMMENDED**:

1. Plaintiff's Motion for a Court Order by Default Directing Compliance with an Order Issued by the Securities and Exchange Commission Against Defendant Thomas C. Bridge (Doc. 10) be **GRANTED**.

2. The Application (Doc. 1) be **GRANTED** and Defendant Bridge be directed to fully comply with the terms and conditions of the September 29, 2009 order in its entirety.

3. Defendant Bridge be ordered to pay disgorgement of $39,808.53, prejudgment interest of $16,665.57 and a civil penalty of $240,000, as well as post-judgment interest on the amounts owed from September 29, 2009 pursuant to 31 U.S.C. § 3717.

4. The Court retain jurisdiction over this matter as necessary to enforce this Order.

**DONE AND ENTERED** in Jacksonville, Florida this 25th day of November, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Defendant Thomas C. Bridge
2054 Riverside Ave. #4205
Jacksonville, FL 32204